UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24693-Civ-COOKE/TORRES

PHILIP KAROW,

    Plaintiff,

vs.

DAY & ZIMMERMANN NPS, INC.,
a foreign profit corporation

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

THIS CASE is before me on the parties' Joint Motion to Submit Confidential Settlement Agreement for *In Camera* Inspection and Judicial Approval, and Conditional Stipulation of Dismissal with Prejudice (ECF No. 24) ("Joint Motion"). The parties separately provided the Court with a copy of their executed Confidential Settlement Agreement and General Release ("Settlement Agreement") for an *in camera* review. In their Joint Motion, parties indicate that they have reached a resolution of this matter and that the Settlement Agreement "constitutes a fair and equitable compensation for Plaintiff's alleged unpaid overtime claim…" Joint Mot. 2. After reviewing the parties' Joint Motion and their Settlement Agreement, I entered an Order Requiring Documentation Supporting Allocation of Attorney's Fees and Costs (ECF No. 25) to assist in my evaluation of the reasonableness of the attorney's fees sought. Plaintiff's counsel then submitted to the Court, for an *in camera* review, documentation regarding the attorney's fees and costs allocated in the parties' Settlement Agreement. After reviewing the Joint Motion, Settlement Agreement, supporting documentation submitted by Plaintiff's counsel, and being otherwise duly advised on the premises, the parties' Joint Motion is granted in part and denied in part.

### I.  BACKGROUND

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA") alleging that Defendant failed to pay him overtime wages for the time he worked in excess of forty hours per week. Compl., ECF No. 1. The parties subsequently settled this matter and

submitted their Settlement Agreement to the Court for approval.  Joint Mot., ECF No. 24. The parties have advised the Court that Defendants have agreed to pay Plaintiff a confidential amount to settle his FLSA claim.[1]  Additionally, the Settlement Agreement provides for a payment of $18,000.00 to Plaintiff's counsel, Cathleen Scott & Associates, P.A.

## II. DISCUSSION

It is well settled that in FLSA cases, unless the employer "offers the plaintiff full compensation of his FLSA claim [and] no compromise is involved," the employer and employee must present the proposed settlement to the Court for approval.  *Su v. Electronic Arts, Inc.*, 2006 WL 4792780, *3 (M.D. Fla. Aug. 29, 2006) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).  Before approving the settlement, the Court "must scrutinize [it] to determine whether it is a fair and reasonable resolution of a bona fide dispute." *Silva v. Ole' Ole', LLC*, 2006 WL 3391277, *1 (M.D. Fla. Nov. 22, 2006).

Here, based upon counsel's representation that this outcome is fair in light of Plaintiff's probability of success on the merits, and that the settlement was reached at arm's length and entered into voluntarily and knowingly, I am satisfied that the settlement agreement is a "fair and reasonable" resolution of a bona fide dispute over Plaintiff's FLSA claims pursuant to *Lynn's Food Stores*, 679 F.2d at 1354-55.

Courts must also assess the reasonableness of any attorney's fees included in an FLSA settlement.  *See Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1262 (M.D. Fla. 2008) ("the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food Stores*, 679 F.2d at 1352-53, and is stated in the FLSA itself…[where] there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.").  In assessing the reasonableness of attorney's fees to be awarded following an FLSA settlement, courts use the lodestar method. *See Prater v. Commerce Equities Management Co., Inc.*, 2008 WL 5140045, *3 (S.D. Tex. Dec. 8, 2008) (citing *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998)).  Thus, Plaintiff's counsel must provide the court with documentation showing the number of hours

---

[1] Since the parties submitted their fully executed Settlement Agreement to the Court for an *in camera* inspection, I will maintain the agreement's confidentiality and refrain from disclosing the exact settlement amount.

expended, as well as support for the claimed hourly rate.  *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate") (citing *Blum v. Stenson*, 465 U.S. 886 (1994)).  A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

Here, Plaintiff's counsel seeks a total of $18,000.00 in attorney's fees and costs.  While Plaintiff's counsel has indicated that its representation of Plaintiff in this case was on a contingency fee basis, Plaintiff's counsel's fee agreement with Plaintiff provides for a scenario wherein Plaintiff's counsel may negotiate a settlement regarding attorney's fees and costs separate from Plaintiff's settlement and also separate from the contingency agreement.  A fair reading of the parties' Settlement Agreement indicates that Plaintiff's counsel did just that.  The amount Plaintiff's counsel seeks in attorney's fees and costs is completely divorced not only from the amount it would have received under its contingency fee arrangement with Plaintiff but also from the amount it would have received under the lodestar method.

In response to my Order Requiring Documentation Supporting Allocation of Attorney's Fees and Costs, Plaintiff's counsel submitted a billing invoice detailing the hours its attorneys and legal support staff expended on this case.  That billing invoice indicates that Plaintiff's counsel spent a total of 38.98 hours on this case, accruing fees of $13,664.50.  Plaintiff's counsel also submitted documentation of fees paid in this case, which total $37.58 for copying and postage costs.  Therefore, Plaintiff's counsel's attorney's fees and costs should total no more than $13,702.08, an amount far less than the amount Plaintiff's counsel negotiated to receive under the terms of the current Settlement Agreement.  Given the large discrepancy in the amount of attorney's fees and costs Plaintiff's counsel is entitled to based on work actually done versus the amount it negotiated for itself in the Settlement Agreement, the Settlement Agreement is approved, but with an amendment to Plaintiff's counsel's award of attorney's fees and costs.  *See Blum v. Stenson*, 465 U.S. 886, 897 (1984) ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys) (ellipses, brackets, and internal quotation marks omitted).

Having determined that Plaintiff's counsel's award of attorney's fees and costs must be reduced from the amount sought in the Settlement Agreement, I now turn to an analysis of the reasonableness of the number of hours expended as well as of the claimed hourly rate delineated in Plaintiff's counsel's billing invoice. Determining a reasonable fee under the FLSA is left to the sound discretion of the district judge, to and including the exclusion of excessive or unnecessary work. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). A district court's "decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." *Avirgan v. Hull*, 705 F. Supp. 1544, 1549 (S.D. Fla. 1989) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Tyler v. Westway Automotive Service Ctr., Inc.*, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Here, Plaintiff's counsel seek remuneration for a total of 38.98 hours of work performed by attorneys and legal support staff. The vast majority of the work was completed by Cathleen Scott, the managing attorney at Cathleen Scott & Associates, P.A., with a minimal amount of work completed by Lindsey Wagner, an associate attorney. Ms. Scott billed 34.73 hours to this matter at a rate of $374.42 per hour while Ms. Wagner billed 0.30 hours to this matter at a rate of $375.00 per hour. After reviewing the billing invoice, I find that the amount of hours Ms. Scott and Ms. Wagner expended on this matter to be reasonable. I acknowledge that both counsel specialize in wage and hour law, and therefore have experience litigating these types of cases. However, I find that, given the nature of the services rendered, Ms. Wagner's hourly rate is excessive. As an associate attorney, a more reasonable hourly rate is $270.00 per hour. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1351 (S.D. Fla. 2007). As the managing partner and founder of Cathleen Scott & Associates, P.A., I find Ms. Scott's hourly rate of $374.42 per hour to be reasonable. *See Valley v. Ocean Sky Limo*, --- F. Supp. 3d ---, 2015 WL 410074, at *3 (S.D. Fla. Feb. 2, 2015) (allowing a named partner of a law firm located in Plantation, Florida to recover an hourly rate of $400.00 per hour in an FLSA action).

4

Therefore, the total amount of recoverable attorney's fees in this matter is $13,633.00. Additionally, Plaintiff's counsel seeks to recover $37.58 in costs, which I find reasonable. Therefore, Plaintiff's counsel is entitled to recover a total of $13,670.58 in attorney's fees and costs.

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The parties' Joint Motion to Submit Confidential Settlement Agreement for *In Camera* Inspection and Judicial Approval, and Conditional Stipulation of Dismissal with Prejudice (ECF No. 24) is **GRANTED** *in part* **and DENIED** *in part*. The parties' Confidential Settlement Agreement and General Release is **APPROVED**, with the exception of its allotment of attorney's fees and costs. Plaintiff's counsel, Cathleen Scott & Associates, P.A. shall recover a total of **13,670.58** in attorney's fees and costs instead of the $18,000.00 denoted in the parties' Settlement Agreement.

2. This case is **DISMISSED** *with prejudice*.

3. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of June 2015.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*